**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **CONNIE SEPULVEDA,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **SA-08-CV-0810 XR** |
| **SOUTHWEST BUSINESS** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER DENYING MOTION TO COMPEL (#16)**

The matter before the court is plaintiff's motion to compel (#16) and defendant's response thereto (#18).

Plaintiff was hired by defendant in April 2006 as an executive assistant responsible for filing, scheduling and other clerical tasks. She was terminated in June 2008. By her complaint, originally filed in state court and later removed by defendant, plaintiff alleges that defendant violated the Fair Labor Standards Act by not paying her overtime wages. Defendant responds that plaintiff was an exempt employee and not entitled to overtime wages.

Plaintiff's motion to compel was filed on the last day of the discovery period. By her motion plaintiff seeks an order to compel defendant to respond to interrogatories which ask for the names and exemption status of other employees of defendant who held clerical duties within the last three years; specifically sales assistants, administrative assistants and secretarys. Defendant previously responded to the interrogatories which requested information for those employees who held an executive assistant position – the position held by plaintiff -- but declined to provide information for

1

employees in the other job classifications as being irrelevant to the issues in this case.

Plaintiff argues that the information is relevant to the affirmative defense (i.e., whether plaintiff was properly classified as exempt) and would allow her to identify and "interview potential witnesses that may be able [to] speak to the job duties and hours requirements that Defendant claims were applicable to the positions in question."

After reviewing the motion and response, and the parties' pleadings in this case in the light of the applicable law, I conclude that plaintiff has not demonstrated that the information sought through this discovery is relevant. The issues in this case involve not what tasks other clerical employees performed or whether they were properly classified, but rather the duties that plaintiff was assigned and whether defendant properly classified her in light of those job responsibilities. Plaintiff has not met her burden to show that the employees in the other job classifications were similarly situated so to make their job responsibilities, exemption status and testimony relevant to the claims or defenses in this case.

Having failed to demonstrate how the challenged interrogatories meet even the minimal requirements of relevance under F.R.Civ.P. 26(b)(1), is ORDERED that the motion is compel is DENIED.

**SIGNED** on September 19, 2009.

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE