UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CONNIE SEPULVEDA,** | § § § | |
| **Plaintiff,** | § | |
| v. | § § | **CIVIL ACTION NO.** |
| **SOUTHWEST BUSINESS CORP.,** | § § | **SA-08-CA-0810-XR** |
| **Defendant.** | § § | |

**ORDER**

On this date, the Court considered the parties' Joint Agreed Motion for Court Approval of Settlement (docket no. 21).

**I. Background**

Plaintiff Connie Sepulveda filed this lawsuit against Defendant Southwest Business Corporation in state court on September 4, 2008, seeking to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 207, 226 ("FLSA"). Specifically, Plaintiff sought "actual damages, restitution, attorneys' fees, statutory penalties, and/or liquidated damages, costs and interest." Plaintiff alleged that she was hired by Defendant in or about April 2006 and was employed as an Executive Assistant. Plaintiff complained that she was mis-classified as an exempt salaried employee, and was not paid overtime for hours worked in excess of forty hours per week. Defendant Southwest Business Corporation answered, denying that Plaintiff was entitled to overtime wages because she was exempt from the FLSA's overtime provisions. Defendant removed this case to this Court on October 2, 2008. On October 2, 2009, the parties filed the instant motion for approval of their settlement, along with a sealed copy of the settlement agreement.

## II. Analysis

### A. FLSA Provisions

The FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981). Congress recognized that "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945). The provisions of the FLSA are mandatory. The Eleventh Circuit has held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees:" payment supervised by the Secretary of Labor and judicial approval of a stipulated settlement after an employee has brought a private action. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982). The court reasoned that these methods ensure that the same unequal bargaining power between employers and employees that underlies the Act does not unfairly affect a private settlement of claims for wages. Thus, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353. Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

### B. Bona Fide Dispute

The primary issue in dispute in this litigation is whether the Plaintiff was properly characterized as an exempt, salaried employee. The FLSA requires employers to pay overtime

compensation to employees who work more than forty hours in a workweek. 29 U.S.C. § 207(a)(1). The Act exempts from the overtime-pay requirement any employee who works in a bona fide executive, administrative, or professional capacity. *Id.* § 213(a)(1). The decision whether an employee is exempt from the FLSA's overtime compensation provisions is primarily a question of fact; however, the ultimate decision is a question of law. *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 330-31 (5th Cir. 2000).

The burden of proving the applicability of a claimed exemption is on the employer, and the exemption is construed narrowly against the employer. *Tyler v. Union Oil Co.*, 304 F.3d 379, 402 (5th Cir. 2002). The court looks to a person's salary and duties to determine their status. As noted, Defendant has denied that Plaintiff was a nonexempt employee, and this is a fact-intensive determination. This case has been pending for over a year, the parties have engaged in and completed discovery, and the October 26 trial date is approaching. The Court concludes that there is a bona fide dispute over the FLSA's coverage in this case.

## C. Fair and Reasonable Resolution

The Court has reviewed the terms of the confidential settlement agreement and concludes that the settlement is fair and reasonable.[1]

---

[1] This Court has previously held that court approval is not required for private settlements of FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due. *Martinez v. Bohls Bearing Co.*, 361 F. Supp. 2d 608, 630 (W.D. Tex. 2005). However, the Court recognizes that this is a minority view. Nevertheless, the Court finds it ironic that wage and hour disputes are required to be scrutinized for fairness when settlements of the most egregious race and gender discrimination claims are not.

**Conclusion**

The Court finds that the settlement agreement is a fair and reasonable settlement of a bona fide dispute.  The Joint Agreed Motion for Court Approval of Settlement (docket no. 21) is GRANTED and the settlement is APPROVED.

The settlement agreement resolves all pending claims and issues.  Therefore, this case is DISMISSED, with each party bearing its own costs.  The Clerk's office is directed to CLOSE this case.

It is so ORDERED.

SIGNED this 5th day of October, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE